UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRICK RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07 C 4666 |
| v. ) | |
| ) | Judge George M. Marovich |
| ) | |
| ROBERT BINGHAM, STATEWIDE ) | |
| FINANCIAL SERVICES LTD., ) | |
| THE FEDERAL DEPOSIT INSURANCE ) | |
| CORPORATION, OCWEN LOAN ) | |
| SERVICING, LLC. and ) | |
| PREFERRED SURVEY, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Derrick Riley ("Riley") filed suit against Robert Bingham ("Bingham"), Statewide Financial Services Ltd. ("Statewide"), NetBank, Inc., Ocwen Loan Servicing, LLC. ("Ocwen") and Preferred Survey, Inc. ("Preferred Survey"). The Federal Deposit Insurance Corporation ("FDIC") has been appointed receiver of NetBank, Inc. ("NetBank") and has replaced it as a party to this suit. Before the Court are four motions to dismiss. For the reasons set forth below, the Court grants FDIC's motion to dismiss, grants Ocwen's motion to dismiss and denies Statewide's motions to dismiss.

### I.  Background

The Court takes as true the allegations in plaintiff's amended complaint. Riley's case arises out of a real estate transaction.

Riley alleges that he was interested in purchasing a property on East 83rd Street in Chicago. Defendant Bingham, an employee of defendant Statewide Financial Services,

however, convinced Riley to purchase a property on West 117th Street instead. Riley alleges that his purchase turned out to be a bad idea, and, for that, he blames several defendants.

Riley starts with Bingham and Statewide, which seems to be a mortgage broker. Riley asserts that Bingham and Statewide had a financial incentive to steer him into a bad deal because Statewide received more than $6,000.00 in loan origination fees and yield spread commissions when Riley purchased the property. Riley asserts that Bingham and Statewide connected him with an adjustable rate mortgage with a rate of 7.315% even though, at the time, conventional 30-year mortgages were available with rates of 5.5%. Riley asserts that Bingham also agreed to pay him $4,000.00 at the closing and that Riley never received the money.

Riley also takes aim at Preferred Survey, Inc., which appraised the property at $175,000.00 when the property was actually worth $113,000.00. Riley's amended complaint also named NetBank and Ocwen Loan Servicing, which services Riley's mortgage loan.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiffs' favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause

of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

In considering whether to dismiss a case pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, a district court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. Federal Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)).

### III. Discussion

#### A. FDIC's motion to dismiss

The FDIC moves pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss Riley's claims against it. The FDIC argues that, pursuant to the Financial Institutions Reform Recovery and Enforcement Act ("FIRREA"), the Court lacks subject matter jurisdiction over Riley's claims against the FDIC. The Court agrees.

FIRREA sets out a procedure for making claims against financial institutions that are in receivership by the FDIC. "FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institutions, regardless of

whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver."
*Marquis v. Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1151 (1st Cir. 1992). The Seventh Circuit has summarized the administrative procedure and explained the consequences of failing to follow it:

> Under FIRREA, a claimant can file an administrative claim with the receiver, which then has 180 days to allow or deny the claim. If the receiver denies or does not render a decision within 180 days, the claimant has 60 days to file suit. Federal courts lack jurisdiction to address claims that fail to comply with FIRREA's administrative claims process.

*Maher v. Federal Deposit Ins. Corp.*, 441 F.3d 522, 525 (7th Cir. 2006); *see also Capitol Leasing Co. v. Federal Deposit Ins. Corp.*, 999 F.2d 188, 193 (7th Cir. 1993).

In this case, on or about October 24, 2007, the FDIC sent to Riley a letter explaining the procedure for making an administrative claim against the FDIC as receiver for NetBank. Riley admitted in Court that he had received the notice. In addition, in December 2007, the Court agreed to stay this case for six months to allow Riley time to exhaust his administrative remedies under FIRREA. Riley, however, never filed an administrative claim with the FDIC. Accordingly, his claim is barred, and this Court has no jurisdiction over his claims against the FDIC.

For these reasons, the Court grants the FDIC's motion [45] to dismiss for lack of subject matter jurisdiction and dismisses without prejudice Riley's claims against defendant FDIC.

### B. Ocwen's motion to dismiss

Ocwen moves to dismiss Counts I, III, IV, V, VI, VII and VIII of Riley's amended complaint. Ocwen points out that in none of those claims does Riley allege any conduct by Ocwen.

The motion is well-taken. A plaintiff must allege enough facts to bring a claim above a speculative level. In Counts I, III, IV, V, VI, VII and VIII, Riley does not allege any facts that would suggest Ocwen had any involvement in the alleged conduct. For example, in Count I, Riley asserts a claim for breach of fiduciary duty. Riley alleges that Bingham and Statewide each owed him a fiduciary duty, but he says nothing about Ocwen. Accordingly, Riley has alleged nothing that would bring a breach of fiduciary duty claim against Ocwen above the speculative level. The same is true of Counts III, IV, V, VI, VII and VIII, where Riley asserts conduct by other defendants but nothing by Ocwen.

Accordingly, the Court grants Ocwen's motion [26] to dismiss and hereby dismisses without prejudice Counts I, III, IV, V, VI, VII and VIII of Riley's amended complaint with respect to defendant Ocwen.

### C. Statewide's motions to dismiss

Statewide has filed two motions to dismiss. In its first motion to dismiss, Statewide seeks dismissal or, in the alternative, summary judgment on Riley's claims against it. Statewide asserts that Riley's claims should be dismissed because Riley alleges that Bingham was an employee of Statewide, while Statewide asserts that Riley was an independent contractor. As Statewide concedes, the Court accepts Riley's well-pleaded facts as true and will not dismiss a claim just because Statewide disagrees with the alleged facts. Nor will the Court convert the motion to a motion for summary judgment, because that would be unfair to plaintiff.

Accordingly, the Court denies Statewide's first motion to dismiss. If Statewide wants to file a motion for summary judgment, it must file a motion which complies with the strict requirements of Rules 56.1 and 56.2 of the Local Rules for the Northern District of Illinois. If Statewide files a motion that does not comply with Rules 56.1 and 56.2, the motion will be stricken.

In Statewide's second motion to dismiss, Statewide argues that plaintiff has twice failed to appear in court. Essentially, Statewide seeks to dismiss the case for want of prosecution. Statewide, however, failed to notice the motion for a hearing date, as is required by Local Rule 5.3(b). Accordingly, Riley has had no opportunity to appear and state whether he intends to continue pursuing his claim. The Court hereby denies the motion pursuant to Local Rule 78.2, because Statewide failed to notice the motion for a hearing date within ten days of filing the motion.

## IV. Conclusion

For the reasons set forth above, the Court grants the FDIC's motion [45] to dismiss and dismisses without prejudice Riley's claims against the FDIC.

Ocwen's motion [26] to dismiss is granted. The Court dismisses without prejudice Counts I, III, IV, V, VI, VII and VIII of Riley's amended complaint with respect to defendant Ocwen.

Statewide's first motion [42] to dismiss is denied. Statewide's second motion [46] is denied.

This case is set for status on September 9, 2008 at 11:00 a.m.

ENTER: *George M. Marovich*

                                                                                           _____
                                                                                           George M. Marovich
                                                                                           United States District Judge

DATED: August 19, 2008